UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ANITA FROST**, **JANICE BAKER,**
and **ESCHAR HARTONG,**
individually and on behalf all other persons
similarly situated, known and unknown,

Plaintiffs,

Case No.
Hon.
Magistrate Judge

v.

**FAMILY HEALTH, A
PROFESSIONAL CORPORATION**,
a Michigan for-profit business,

Defendant.
_____/

Elaina S. Bailey (P82461)
Charles R. Ash, IV (P73877)
Sommers Schwartz, P.C.
One Towne Square, Ste. 1700
Southfield, MI 48076
(248) 355-0300
ebailey@sommerspc.com
crash@sommerspc.com
*Attorneys for Plaintiffs*

_____/

# PLAINTIFFS' COMPLAINT AND JURY DEMAND

Anita Frost ("Plaintiff Frost"), Janice Baker ("Plaintiff Baker"), and Eschar Hartong ("Plaintiff Hartong") (collectively, "Plaintiffs"), individually and behalf of all other similarly situated, by and through their attorneys, hereby bring this Collective Action Complaint against Defendant Family Health, a Professional Corporation ("Defendant Family Health"), and state as follows:

## INTRODUCTORY STATEMENT

1. This is a civil action seeking relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiffs are former employees of Defendant Family Health whose rights under these statutes have been violated and they now seek to recover the benefits due to them from Defendant under the FLSA as a result of Defendant's failure to pay proper overtime wages to Plaintiffs and similarly situated employees.

2. Plaintiffs seek a declaration that their rights under the FLSA have been violated, an award of the unpaid wages owed to them, an award of liquidated damages owed to them, and an award of reasonable attorneys' fees and costs, as provided for in the FLSA, in order to compensate them for damages suffered.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c)

1

because Defendant Family Health maintains its principal place of business in this district, employs employed Plaintiffs in this district, conducts business in this district, and a substantial portion of the events giving rise to Plaintiffs' claims occurred in this district.

## PARTIES

5.      Plaintiff Frost is an adult citizen of the State of Michigan, who resides in this judicial district. Plaintiff Frost was employed by Defendant Family Health as an hourly employee from approximately 2004 through September 2019. Defendant Family Health compensated Plaintiff Frost on an hourly basis, most recently at the rate of $14.00 per hour. Plaintiff Frost regularly worked approximately 44 hours per workweek. Plaintiff Frost signed a consent form to join this lawsuit, which is attached to this Complaint as Exhibit A.

6.      Plaintiff Baker is an adult citizen of the State of Michigan, who resides in this judicial district. Plaintiff Baker was employed by Defendant Family Health as an hourly employee from approximately January 2001 through January 2020. Defendant Family Health compensated Plaintiff Baker on an hourly basis. In the past three years, Plaintiff Baker worked over 40 hours per workweek in at least one workweek. Plaintiff Baker signed a consent form to join this lawsuit, which is attached to this Complaint as Exhibit B.

7.      Plaintiff Hartong is an adult citizen of the State of Arizona. Plaintiff

Hartong was employed by Defendant Family Health as an hourly employee from approximately 2010 through August 2019. Defendant Family Health compensated Plaintiff Hartong on an hourly basis, most recently at the rate of $13.50 per hour. Plaintiff Hartong regularly worked approximately 41 and 42 hours per workweek. Plaintiff Hartong signed a consent form to join this lawsuit, which is attached to this Complaint as Exhibit C.

8.  Defendant Family Health is a Michigan domestic for-profit professional corporation with its single location at 19020 Fort St. Riverview, MI 48193. Defendant is registered with the Michigan Department of Licensing and Regulatory Affairs (ID Number: 800970099) with a registered office address of 19020 Fort St. Riverview, MI 48193 and its registered agent is Robert Vaclav, D.O.

9.  Upon information and belief, the annual gross volume of sales made or business done by Defendant Family Health exceeds $500,000.00.

10.  Upon information and belief, Defendant Family Health has employed dozens of similarly situated employees to Plaintiffs within the meaning of the FLSA in the last three years.

## STATEMENT OF MATERIAL FACTS

11.  From 1995 until December 31, 2019, Defendant Family Health did not pay its hourly employees one and one-half times their regular rate of pay for hours worked in excess of 40 hours in a workweek, and instead only paid its hourly

employees overtime pay for hours worked over 80 hours in a pay period.

12. On December 31, 2019, Defendant Family Health sent out letters to its hourly employees in addition or either direct deposits or checks.

13. In the letter, Defendant Family Health admitted that it had been improperly been paying overtime wages to its hourly employees. In its entirety, the letter read:

> As a professional medical practice, Family Health employees were paid overtime based on its relationship with Oakwood Hospital and the rules allowed for hospital groups and affiliates. **A recent review of accounting and other employment practices indicates that Family Health should change to the traditional overtime payment method for paying its own employees.**
>
> **As a means of addressing this past wage payment practice**, Family Health has reviewed this year's and last year's wage statements to determine overtime based on the **traditional overtime rules**. Based on the difference between the overtime paid under the hospital method and the traditional method, Family Health has paid you via a direct deposit the gross amount of [amount] less required state and federal withholdings. This amount represents [number] hours of **overtime that were not captured by the hospital method of calculating overtime**. The hours are being paid at your current or most recent hourly rate even if the hours were worked at a time when you were making a lower hourly rate. Therefore, you are being paid at the higher hourly rate
>
> If you have any questions, please do not hesitate to contact Mary Burke at [phone number]. We wish you a happy and healthy holiday season.

Exhibit D (emphasis added).

4

14. Defendant Family Health admitted that it has violated § 207 of the FLSA in its letter.

15. Under the FLSA, some hospitals and other establishments engaged in the care of sick, aged, or mentally ill can avail themselves to what is called the "8 and 80 Rule." 29 U.S.C. § 207(j); U.S. DEPARTMENT OF LABOR WAGE AND HOUR DIVISION, FACT SHEET #54, at https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/whdfs54.pdf (last accessed May 4, 2020). However, for the 8 and 80 Rule to apply, *inter alia*, those sick in need of care **must reside on the premises** of the establishment. 29 U.S.C. § 2017(j) ("No employer engaged in the operation of a hospital or an establishment which is an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective *who reside on the premises* shall be deemed to have violated subsection . . .") (emphasis added).

16. At no time did Defendant Family Health engage in the care of the sick who resided on their premises. Therefore, Defendant Family Health could not use the 8 and 80 Rule when calculating amount of overtime pay it owed its employees.

17. In addition to not meeting the "who reside on the premises" mandate of the exception in § 207(j), Defendant Family Health did not meet any of the other requirements, including for example, compensating its employees based on the 8 and 80 Rule pursuant to an agreement or understanding arrived at between the employer

and the employee before performance of the work. *See* 29 U.S.C. § 207(j).

18. Defendant Family Health paid its employees on a bi-weekly basis.

19. Upon information and belief, Defendant Family Health intentionally used the 8 and 80 Rule to evade paying its employees one and one-half times their regular rate of pay for hours worked in excess of 40 hours in a workweek by scheduling employees more than 40 hours in the first workweek of a pay period and for under 40 hours in the second workweek. This resulted in the employee working approximately 80 hours in the pay period limited the amount of overtime pay Defendant Family Health paid to its employees. This practice demonstrates that Defendant Family Health's violation of the overtime provision of the FLSA was willful.

20. At minimum, Defendant Family Health paid its employees with reckless disregard for the FLSA. Even if Defendant Family Health could properly pay its employees according to the 8 and 80 Rule when it was a part of the Oakwood Hospital system, it has not had a relationship with the system for more than five years. Defendant Family Health underwent a major change in its practice without reviewing its pay practices one time since that time. To continue to use a pay practice that was so different than the overtime compensation requirement of § 207(a) rises to the level of showing reckless disregard for the law, which makes Defendant Family Health's violation of the FLSA willful under *McLaughlin v. Richland Shoe*

*Co.*, 486 U.S. 128, 133 (1988).

21. Under the FLSA, Plaintiffs and other similarly situated hourly employees who work for or worked for Defendant Family Health are entitled to their back wages for unpaid overtime compensation, liquidated damages in the amount of those back wages, and attorneys' fees and costs of this litigation. 29 U.S.C. § 216(b).

22. Because Defendant Family Health's violation was willful, Plaintiffs are owed the above described damages for the past three years. 29 U.S.C. § 216(b).

23. Even though Defendant Family Health purportedly paid Plaintiffs and at least some of the similarly situated putative collective action members their back wages for the last two years, **they are still owed liquidated damages for those two years and both back wages and liquidated damages for the third year of liability**.

24. Defendant Family Health benefited from depriving Plaintiffs its other hourly employees of the wages they were owed.

25. Upon information and belief, Defendant Family Health used the money that it illegally withheld from Plaintiffs and its other hourly employees to fund its business, pay its shareholders, and invest in its business.

26. Because of the time value of money along with other economic factors, Defendant Family Health has directly benefited from not paying Plaintiffs and its other hourly employees what they were owed.

27. Defendant Family Health's illegal withholding of the money due to

Plaintiffs and the other hourly employees resulted in an inequity to Plaintiffs.

28. Because funds have been illegally withheld from Plaintiffs and the other hourly employees, they have been unable to invest those funds or use them to support their families over the years, which is an inequity to Plaintiffs and the employees.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiffs brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA individually and on behalf of:

> *All current and former hourly employees who worked for Defendant Family Health at any time in the past three years.*

Plaintiffs reserve the right to amend this definition if necessary.

30. Defendant Family Health is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the similarly situated putative collective action members.

31. Consistent with Defendant Family Health's practice, Plaintiffs and the putative collective action members were not paid overtime compensation of one and one-half times their regular rate of pay when they worked beyond 40 hours in a workweek in violation of the FLSA.

32. At all relevant times, Defendant Family Health knew how much time Plaintiffs and the putative collective action members worked each workweek.

33. Defendant Family Health was aware, or should have been aware, that

federal law required it to pay Plaintiffs and the putative collective action members an overtime premium for all hours worked in excess of 40 per workweek.

34. As part of its regular business practice, Defendant Family Health intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and putative collective action members.

35. Defendant Family Health's unlawful conduct was widespread, repeated, and consistent.

36. A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiffs under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiffs bring this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy, or plan; and (d) their claims are based upon the same factual and legal theories.

37. There are many similarly situated putative collective action members who were underpaid in violation of the FLSA and would benefit from the issuance of a court-authorized notice of this lawsuit and the opportunity to join.

38. Plaintiffs estimate the collective action, including both current and former employees over the relevant period, includes at least 50 members. The

precise number should be readily available from a review of Defendant Family Health's personnel and payroll records.

## RULE 23 CLASS ACTION ALLEGATIONS

39. Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure Rule 23(b)(2) and (b)(3) individually and on behalf of:

> All current and former hourly employees who worked for Defendant Family Health at any time in the past three years.

(hereinafter referred to as the "Rule 23 Class"). Plaintiffs reserve the right to amend this definition if necessary.

40. The members of the Rule 23 Class are so numerous that joinder of all Rule 23 Class members in this case would be impractical. Plaintiffs reasonably estimates there are dozens of Rule 23 Class members. Rule 23 Class members should be easy to identify from Defendant Family Health's computer systems and electronic payroll and personnel records.

41. There is a well-defined community of interests among Rule 23 Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Class. These common legal and factual questions, include, but are not limited to, the following:

   a. Whether the time spent by the Rule 23 Class that exceeded 40 hours in a workweek should have been paid at the FLSA overtime premium rate;

    b. Whether Defendant Family Health's non-payment of overtime wages for hours worked over 40 hours in a workweek unjustly enriched Defendant.

42. Plaintiffs' claims are typical of those of the Rule 23 Class in that they and all other Rule 23 Class members suffered damages as a direct and proximate result of the Defendant's common and systemic payroll policies and practices. Plaintiffs' claims arise from the same pay policies, practices, promises and course of conduct as all other Rule 23 Class members' claims and their legal theories are based on the same legal theories as all other Rule 23 Class members.

43. Plaintiff Frost, Plaintiff Baker, and Plaintiff Hartong will fully and adequately protect the interests of the Rule 23 Nationwide Class and they retained counsel who are qualified and experienced in the prosecution of wage and hour class actions. Neither Plaintiffs nor their counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

44. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, because, *inter alia*, it is economically infeasible for Rule 23 Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

45. This case will be manageable as a Rule 23 Class action. Plaintiffs and their counsel know of no unusual difficulties in this case and Defendant Family

Health has advanced networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

46. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

47. Because Defendant Family Health acted and refused to act on grounds that apply generally to the Rule 23 Class and declaratory relief is appropriate in this case with respect to the Rule 23 Class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq*. -- FAILURE TO PAY OVERTIME

48. Plaintiffs re-allege and incorporate all previous paragraphs herein and further alleges as follows.

49. At all times relevant to this action, Defendant Family Health was a covered employer within the meaning of the FLSA.

50. At all times relevant to this action, Defendant Family Health was subject to the mandates of the FLSA, 29 U.S.C. § 201, *et seq*.

51. At all times relevant to this action, Defendant Family Health was

engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

52. At all times relevant to this action, Defendant Family Health "suffered or permitted" Plaintiffs and the putative collective action to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

53. At all times relevant to this action, Plaintiffs and the putative collective action members were "employees" of Defendant Family Health within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

54. Plaintiffs and the putative collective action members are/were non-exempt, hourly employees entitled to the protections of the FLSA, including the overtime pay provision, 29 U.S.C. § 207.

55. Defendant Family Health failed to compensate Plaintiffs and the putative collective action members at the rate of one and one-half times their regular rate of pay for hours worked in excess of 40 hours in a workweek in violation of the FLSA.

56. Defendant Family Health's violations of the FLSA were willful.

57. Plaintiffs and the putative collective action members are entitled to their back wages and liquidated damages for the last three years and their attorney's fees and costs, pursuant to 20 U.S.C. § 216(b).

## COUNT II
## RULE 23 CLASS ACTION
## UNJUST ENRICHMENT

58. Plaintiffs re-allege and incorporate all previous paragraphs herein.

59. At times relevant to this action, Defendant Family Health failed to pay Plaintiffs and every other Rule 23 Class member overtime wages for hours worked over 40 hours in a workweek.

60. By not paying Plaintiffs and every other Rule 23 Class member the proper amount owed to them for their overtime hours worked, Defendant Family Health was unjustly enriched.

61. Plaintiffs and the Rule 23 Class members performed overtime work at the request of and without objection by Defendant Family Health.

62. Defendant Family Health received and accepted the above-referenced overtime work from Plaintiffs and every other Rule 23 Class member and enjoyed the benefits derived therefrom.

63. Upon information and belief, Defendant Family Health used the monies owed to Plaintiffs and every other Rule 23 Class member to finance its business ventures or pay its equity owners.

64. Defendant Family Health has been unjustly enriched by the retention of monies received pursuant to the services Plaintiffs and the Rule 23 Class members performed for Defendant's benefit, without having compensated Plaintiffs and the

Rule 23 Class members the full amount of wages due and owing to them.

65.     Plaintiffs and the Rule 23 Class members suffered detriment due to Defendant Family Health's failure to properly compensate them for the overtime work described herein, in that Plaintiffs and the Rule 23 Class members were deprived of the ability to utilize that time, effort and their resources in a manner that maximized their earnings.

66.     As a direct and proximate result of Defendant Family Health's actions, Plaintiffs and every other Rule 23 Class member suffered damages, including but not limited to, loss of wages.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs request the following relief:

   a.  An Order conditionally certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

   b.  An Order certifying this action as a class action (for the Rule 23 Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Plaintiffs' unjust enrichment claim (Count II);

   c.  An Order compelling Defendant Family Health to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all proposed FLSA Collective members and Rule 23 Class members, and authorizing Plaintiffs to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

d. An Order designating the Plaintiff Frost, Plaintiff Baker, and Plaintiff Hartong as representative of the FLSA Collective and the Rule 23 Class; and undersigned counsel as Class counsel for the same;

e. An Order declaring Defendant Family Health violated the FLSA and the Department of Labor's attendant regulations as cited herein;

f. An Order declaring Defendant Family Health's violations of the FLSA were willful;

g. An Order declaring Defendant Family Health unjustly enriched by failing to pay Plaintiffs and the Rule 23 Class for each hour they worked at their overtime wage rate;

h. An Order granting judgment in favor of Plaintiffs and against Defendant Family Health and awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class the full amount of damages and liquidated damages available by law;

i. An Order awarding reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action as provided by statute;

j. An Order awarding pre- and post-judgment interest to Plaintiffs on these damages; and

k. An Order awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiffs, Anita Frost, Janice Baker, and Eschar Hartong, individually and on behalf of all others similarly situated, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the

court rules and statutes made and provided with respect to the above-entitled cause.

Dated: May 14, 2020    Respectfully Submitted,

/s/ Elaina S. Bailey
Elaina S. Bailey (MI Bar No. 82461)
Charles R. Ash, IV (MI Bar No. P73877)
SOMMERS SCHWARTZ, P.C.
One Towne Square, Suite 1700
Southfield, Michigan 48076
T: 248-355-0300
E: ebailey@sommerspc.com
E: crash@sommerspc.com

*Trial Counsel for Plaintiffs*